IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **JONATHAN STEPHENS,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   **Case No.: 4:14-CV-1242-VEH** |
| | ) |
| **CAROLYN W. COLVIN, ACTING** | ) |
| **COMMISSIONER, SOCIAL** | ) |
| **SECURITY ADMINISTRATION,** | ) |
| | ) |
|     **Defendant.** | ) |

## MEMORANDUM OPINION

### INTRODUCTION

Plaintiff Jonathan Jason Ray Stephens brings this action under 42 U.S.C. § 405(g). He seeks review of a final adverse decision of the Commissioner of the Social Security Administration ("Commissioner"), who denied his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").[1] Stephens timely pursued and exhausted his administrative remedies available before the Commissioner. The case

---

[1] In general, the legal standards applied are the same regardless of whether a claimant seeks DIB or SSI. However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations of statutes or regulations found in quoted court decisions.

is thus ripe for review under 42 U.S.C. § 405(g).[2] For the following reasons, the court **REVERSES** and **REMANDS** the commissioner's decision for further consideration in accordance with this opinion.

### STATEMENT OF THE CASE

Stephens was 24 years old at the time of his hearing before the Administrative Law Judge ("ALJ"). (*Compare* tr. 21 *with* tr. 12). He has completed the 8th grade. (Tr. 212). His past work experience includes employment as a truck driver. (Tr. 51; 244). He claims he became disabled on November 11, 2008 , due to back injury, bipolar disorder, depression, learning problems, and reading problems. (Tr. 211). His last period of work ended on November 11, 2008. (Tr. 14).

On August 6, 2010, Stephens protectively filed a Title II application for a period of disability and DIB. (Tr. 12). He also protectively filed a Title XVI application for SSI on that date. (*Id.*). On January 26, 2011, the Commissioner initially denied these claims. (*Id.*). Stephens timely filed a written request for a hearing on March 3, 2011. (*Id.*). The ALJ conducted a hearing on the matter on September 7, 2012. (*Id.*). On October 19, 2012, he issued his opinion concluding Stephens was not disabled and denying him benefits. (Tr. 22). Stephens timely petitioned the Appeals Council to review the decision on November 21, 2012. (Tr. 5). On May 2, 2014, the Appeals Council issued a denial of

---

[2]42 U.S.C. § 1383(c)(3) renders the judicial review provisions of 42 U.S.C. § 405(g) fully applicable to claims for SSI.

review on his claim. (Tr. 1).

Stephens filed a Complaint with this court on June 30, 2014, seeking review of the Commissioner's determination. (Doc. 1). The Commissioner answered on February 2, 2015. (Doc. 7). Stephens filed a supporting brief, doc. 11, on May 18, 2015, and the Commissioner responded with her own, doc. 14, on July 27, 2015. Stephens replied on August 24, 2015. (Doc. 17).

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.*

This court must uphold factual findings that are supported by substantial evidence. However, it reviews the ALJ's legal conclusions de novo because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied.

*Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, it must reverse the ALJ's decision. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

## STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder. The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" that "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in

sequence:

    (1)    whether the claimant is currently employed;

    (2)    whether the claimant has a severe impairment;

    (3)    whether the claimant's impairment meets or equals an impairment listed by the Commissioner;

    (4)    whether the claimant can perform his or her past work; and

    (5)    whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to formerly applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562-63 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). The sequential analysis goes as follows:

> Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job.

*Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. *Id.*

## ALJ FINDINGS

After consideration of the entire record, the ALJ made the following findings:

1.    The claimant met the insured status requirements of the Social Security Act

through June 30, 2010.

2. The claimant has not engaged in substantial gainful activity since November 11, 2008, the alleged disability onset date.

3. The claimant has the following severe impairments: degenerative disc disease of the lumbar spine; status post left micro-diskectomy and fusion at L4–5; post-laminectomy pain syndrome; history of left knee degenerative joint disease; status post arthroscopic surgery for torn lateral meniscus; and borderline to low average intellectual functioning by history.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except he requires a sit/stand option; can lift/carry to waist level 22 pounds occasionally, 11 pounds frequently; lift/carry above shoulders level 19 pounds occasionally; 9 pounds frequently; stand and walk a combined 6 hours out of an eight-hour workday; sit 5 hours out of an eight-hour workday; avoid concentrated [exposure] to extreme cold/heat/humidity/vibration; no

      working from unprotected heights or with hazardous machinery; occasional balancing, stooping, kneeling, crouching and crawling and climbing of stairs and ramps; no climbing of ladders/ropes/scaffolds; occasional left lower extremity pedal operation; standing stationary push up to 64 pounds occasionally, 3 pounds frequently; standing stationary pull up to 106 pounds occasionally and 53 pounds frequently. In addition, the claimant can understand, remember and carry-out instructions sufficient to perform simple, routine, repetitive tasks, and he can maintain concentration, persistence or pace for periods up to two hours sufficient to perform an eight-hour work day with routine breaks.

6. The claimant is unable to perform any past relevant work.

7. The claimant was born on [redacted], 1987 and was 21 years old, which is defined as a younger individual age 18–49, on the alleged disability date.

8. The claimant has a limited education and is able to communicate in English.

9. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant can perform.

11.     The claimant has not been under a disability, as defined in the Social Security Act, from November 11, 2008, through the date of this decision.

(Tr. 1–22).

## DISCUSSION

The court may only reverse a finding of the Commissioner if it is not supported by substantial evidence. 42 U.S.C. § 405(g). "This does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)). However, the court "abstains from reweighing the evidence or substituting its own judgment for that of the [Commissioner]." *Id.* (citation omitted).

Stephens urges this court to reverse the Commissioner's decision to deny his benefits on three grounds: First, the ALJ failed to apply the pain standard correctly by not adequately discrediting Stephens's subjective testimony which was also supported by objective medical evidence. (Doc. 11 at 9–10, 12). Second, the ALJ failed to give enough weight to Dr. Aust's opinion. (*Id.* at 11). Third, the ALJ failed to give enough weight to the opinion of Mitchell Hamric—a physical therapist. (*Id.* at 12). The pain argument is persuasive, so I need not reach Dr. Aust's opinion nor Hamric's;[3] the Commissioner's

---

[3] That is not to say that Stephens's complaint about the treatment of Hamric's opinion would be meritorious. "[T]here is a distinction between what an adjudicator must consider and what

8

decision will be **REVERSED** and **REMANDED**.

Beginning with the governing law, a claimant who seeks "to establish a disability based on testimony of pain and other symptoms" must show the following:

- Evidence of an underlying medical condition; and

    Either:

    - objective medical evidence confirming the severity of the alleged pain; or

    - that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citation omitted). An ALJ must articulate "explicit and adequate reasons" in order to discredit subjective testimony. *Id.* (citation omitted). Failure to do so "requires, as a matter of law, that the testimony be accepted as true." *Id.* (citation omitted). However, the ALJ does not need to "specifically refer to every piece of evidence in his decision," so long as the decision shows that the ALJ considered the claimant's medical condition as a whole. *Dyer v.*

---

the adjudicator must explain," SSR 06-03p, 2006 WL 2329939, and "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision." *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005). Further, physical therapists "are not acceptable medical sources, so their opinions are not 'medical opinions' and 'cannot establish the existence of an impairment.'" *Himes v. Comm'r of Soc. Sec.*, 585 F. App'x 758, 762 (11th Cir. 2014) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155. 1160 (11th Cir. 2004)). While it is true that "the adjudicator generally should explain the weight given to opinions . . . when such opinions may have an effect on the outcome of the case," SSR 06-03p, the burden of showing an effect is Stephens's, *Shineski v. Sanders*, 556 U.S. 396, 410 (2009), and the *ipse dixit* of counsel will not do.

*Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (citation omitted).

As to the subjective claims, Stephens has suffered from back pain since he was injured in a work-related accident[4] in 2008. (Tr. 18). At the time of the hearing, Stephens reported that, on average, his pain level is approximately a six out of ten in severity. (Tr. 41–42). The pain radiates from his back to his left leg and into his foot, and it feels like his foot "is on fire." (*Id.*). Stephens walks with a mild to moderate limp, tr. 43, and activity increases his pain from a six to an eight or nine out of ten in severity. (Tr. 42). His pain levels are unchanged when he takes prescription Lortab. (*Id.*).

He sleeps poorly because of the pain, which wakes him up throughout the night. (Tr. 235). His wife does all of the housework, and takes care of the couple's children and pets. (Tr. 226; 237). Stephens's daily routine consists of soaking in the bathtub in an attempt to alleviate his pain, watching TV, and staring out the window. (Tr. 230; 238). Stephens is unable to cook or play with his children, and for the most part, only leaves the house to go to doctor appointments and physical therapy. (*Id.*). The pain is so intensely bad that there are days he has difficulty rolling out of bed. (Tr. 71).

---

[4] The ALJ observed that Stephens has a pending worker's compensation claim, which "indicat[es] a motive for secondary gain." (Tr. 17). It is unclear what the ALJ believed to be the import of this Holmesian deduction, but it was both inappropriate and tautological — inappropriate because entitlement to an Alabama benefit says nothing about entitlement to a federal benefit (unless one improperly entertains certain invidious stereotypes about the recipients of such benefits), and tautological because no one applies for disability benefits for the thrill of seeing the administrative process in action, nor for the sense of awe inspired by the observation of interbranch cooperation within constitutional strictures in the name of good government. People apply for disability benefits to receive disability benefits.

I turn now to the ALJ's consideration of these claims. The ALJ found that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms," tr. 17, so step one of the pain standard is implicitly satisfied, while step two is explicitly satisfied. The remaining issue is whether the ALJ has adequately discredited Stephens's subjective testimony of pain, and he has not. The entirety of the ALJ's rejection of Stephens's subjective testimony is found in three sentences: "The claimant's testimony is partially credible compared to the evidence of record;" tr. 17, "the medical evidence of record does not support the intensity, frequency, and severity of his alleged symptoms;" tr. 17, and "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the [ALJ's] residual functional capacity assessment." (Tr. 17–18).

An ALJ may reject subjective testimony when it is inconsistent with the objective medical evidence, *see Holt v. Sullivan*, 921 F.2d 1221 (11th Cir. 1991), although the *Chenery* principle requires that the ALJ <u>actually explain</u> why he finds the subjective testimony inconsistent with the objective evidence. *See S.E.C. v. Chenery Corp.*, 318 U.S. 80, 94 (1943) ("process of review requires that the grounds upon which the administrative agency acted be clearly disclosed and adequately sustained."). The ALJ's first two statements here flunk *Chenery* because they are mere conclusions, and the third

11

fails because the ALJ merely justifies his rejection of the testimony because it does not fit his conclusion.

The Commissioner, in her brief, performs much the same analysis as the ALJ, suggesting that the medical evidence does not support the subjective testimony, and she then recites the medical evidence. The problem with this approach is that the objective evidence in this case is in equipoise, or very close to it,[5] so this is <u>precisely</u> the scenario in which the ALJ's "clearly disclosed and adequately sustained" discrediting of subjective testimony matters. Were this court to accept the claimant's (inadequately discredited) testimony as true, as required by law, *see Wilson*, 284 F.3d at 1225, I would be in the position of considering the effect of Stephens's severe pain on his RFC. "To do so would call for conjecture that invades the province of the ALJ," *Mills v. Astrue*, 226 F. App'x

---

[5] In support of Stephens's position: An MRI performed by Dr. Richey in April 2010 showed bulging discs. (Tr. 397). In November 2010, Stephens was referred to the Orthopaedic Center, to be seen as soon as possible, for back pain. (Tr. 388). In December of 2010, the treatment notes indicated that medication failed to make the pain tolerable. (Tr. 386). In March of 2011, Dr. Aust suggested that the severe pain in Stephens's back could be related to the vertical collapse and microinstabiility at L5-S1. (Tr. 470). Dr. Aust recommended conservative treatment because a fusion is usually not safe for a person Stephens's age, but Stephens's pain was likely to continue. (Tr. 415). Dr. Born, in 2011, opined that Stephens's pain was likely to persist. (Tr. 338). Further, Dr. Born indicated that therre was a slow gait, pain on full range of motion, and diagnosed him with failed back syndrome. (Tr. 338). In April 2011, Stephens indicated that his pain medicine was not helping. (Tr. 380).

In support of the Commissioner's position, on the other hand: Dr. Ghavam stated in 2009, after the back surgery, that Stephens appeared to be making a satisfactory recovery. (Tr. 325). An MRI by Dr. Richey in June 2010 found no significant defects in the spine. (Tr. 398). A May 2011 treatment note from Dr. Johnston indicated that Stephens was doing "very well with the present medications." (Tr. 377). Dr. Johnston indicated that Stephens had "adequate pain control and is able to function and do [his] ADL's without difficulty. (Tr. 377).

926, 931 (11th Cir. 2007) (citing *Moore*, 405 F. 3d at 1214), so the case must be returned to him, either to credit the subjective testimony or to properly discredit it. By issuing this reversal, I should not be understood as giving an opinion on the merits of this case on remand.

## CONCLUSION

Based upon the court's evaluation of the evidence in the record and the parties' submissions, the court finds that the Commissioner did not apply proper legal standards in reaching her final decision. Accordingly, the decision will be reversed and remanded by separate order.

**DONE** and **ORDERED** this the 28th day of March, 2016.

											 _____
											 **VIRGINIA EMERSON HOPKINS**
											 United States District Judge